IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THERESA GUYMON,<br><br>　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ENTRY OF JUDGMENT<br><br>Case No. 1:22-cv-00008-JNP-CMR<br><br>District Judge Jill N. Parrish |

An administrative law judge (ALJ) denied Guymon's application for social security benefits. Guymon filed this action challenging the ALJ's decision. The court subsequently granted the Commissioner's unopposed motion to remand this case to the ALJ for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g). On remand, the ALJ considered additional evidence and granted Guymon's application for social security benefits. No party requested that this court review the ALJ's most recent decision.

The Commissioner then filed this unopposed motion for entry of judgment. ECF No. 14. The motion is DENIED.

Under sentence four of § 405(g), a district court, after reviewing a final decision of the Commissioner concerning social security benefits, may affirm, modify, or reverse the final decision. After issuing a ruling under sentence four, the district court enters a final judgment in the action. *Shalala v. Schaefer*, 509 U.S. 292, 297–98 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 101–02 (1991). Under sentence six of § 405(g), a district court may also remand a case to permit the Commissioner to consider additional evidence. Because a sentence-six remand is interlocutory

in nature, a district court does not enter a final judgment. Instead, the court must wait to enter judgment until the postremand proceedings are completed, the case returns to the district court, and the court enters a sentence-four order after reviewing the Commissioner's new determination. *See Shalala*, 509 U.S. at 297–98; *Melkonyan*, 501 U.S. at 102.

In this case, the court ordered a sentence-six remand pursuant to the Commissioner's request. On remand the Commissioner decided to award the requested social security benefits to Guymon. Because neither party returned this case to the court to review the Commissioner's final order, the court has not reviewed the Commissioner's most recent decision and has not entered a sentence-four order. The Supreme Court has confirmed that "a sentence-four judgment . . . is the *only* judgment authorized by § 405(g)." *Shalala*, 509 U.S. at 297. Accordingly, the court may not enter a judgment in this case.[1]

DATED May 15, 2023.

BY THE COURT

Jill N. Parrish
United States District Court Judge

---

[1] Indeed, since the court has not reviewed the Commissioner's final decision or entered a sentence-four order, it is difficult to know exactly what the court's final judgment would be.